IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK CALLAGHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 02-CV-410-JHP-FHM |
| ) | |
| JESSE T. SUTTER, JR., ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state prisoner and appears *pro se*. Respondent has filed a response to the petition (Dkt. # 4) and Petitioner has filed a reply (Dkt. # 6). Respondent has provided the state court record necessary for resolution of Petitioner's claims. See Dkt. # 5. For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

On April 17, 2000, an anonymous "911" call alerted Tulsa Police Officers to the presence of a strong odor typically associated with a meth lab at a home located at 2006 North Joplin Avenue, in Tulsa County, Oklahoma. Police Officers conducted surveillance on the house. Based on information obtained during the surveillance, the police officers obtained a search warrant. On April 18, 2000, law enforcement officials executed the search warrant at the residence located at 2006 North Joplin. Petitioner was present in the residence on the property along with Lee Donovan Newcomb. Both men were taken into custody. After being read his rights under Miranda v. Arizona, 384 U.S. 436 (1966), Petitioner agreed to talk to the officers. He told the officers that he only provided assistance in cooking methamphetamine and that he helped by "settling out ephedrine."

In exchange for his help, he was given "free dope." During the search of the residence, officers found evidence of methamphetamine production in the attic of the house. Officers also found supplies used for manufacturing methamphetamine in the garage and trash produced by a meth lab in the back yard.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-2000-2172, with Manufacturing Methamphetamine. At the conclusion of a non-jury trial, Petitioner was found guilty. Petitioner was sentenced to twenty (20) years imprisonment and a fine of $50,000. Petitioner was represented at trial by Assistant Public Defender Brian Aspen.

Petitioner, represented by Assistant Public Defender Stuart Southerland, appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner raised four (4) issues as follows:

> I. The evidence presented at trial was insufficient to support a conviction for manufacturing methamphetamine under the requirements of the Fourteenth Amendment to the United States Constitution as well as Article II Section 9 of the Oklahoma Constitution.
> a. The evidence presented was insufficient to establish that Appellant manufactured methamphetamine.
> b. The State presented insufficient evidence in corroboration of Appellant's confession to support a conviction.
>
> II. The Information filed herein failed to articulate a sufficient factual basis on which to confer jurisdiction on the trial court to prosecute Appellant with the offense of "aiding and abetting" in the manufacturing of methamphetamine.
>
> III. The search warrant affidavit failed to establish probable cause to search, rendering the fruits of the search inadmissible pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, as well as Article II Section 30 of the Oklahoma Constitution.
>
> IV. The manner in which the warrant was served violated the Fourth and Fourteenth Amendments to the United States Constitution, Article II § 30 of the Oklahoma Constitution, as well as the terms of 22 O.S. § 1228, requiring the suppression of the evidence discovered in the ensuing search.

        a.        Inadequacy of announcement.
        b.        No refusal to admit.

(Dkt. # 4, Ex. A). On April 25, 2002, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the trial court. (Dkt. # 4, Ex. D). Petitioner did not seek post-conviction relief in the state courts.

On May 24, 2002, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises the following three (3) claims:

Ground 1:    The evidence presented at trial was insufficient to support a conviction for manufacturing methamphetamine under the requirements of the Fourteenth Amendment to the U.S. Constitution.

Ground 2:    The search warrant affidavit failed to establish probable cause to search, rendering the fruits inadmissible pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution.

Ground 3:    The manner in which the warrant was served violated the Fourth and Fourteenth Amendments to the U.S. Constitution, requiring the suppression of the evidence discovered in the ensuing search.

(Dkt. # 1). Respondent has filed a response (Dkt. # 4) asserting that habeas corpus relief should be denied. Petitioner has filed a reply (Dkt. # 6).

## *ANALYSIS*

**A.**    **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that Petitioner has exhausted state remedies by presenting his claims to the OCCA in his direct appeal.

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met

his burden of proving entitlement to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B.  Claims adjudicated by OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).

Petitioner presented each of his habeas claims to the OCCA on direct appeal.  The OCCA considered, but rejected, each claim.  See Dkt. # 4, Ex. D.  Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### *1. Fourth Amendment violations (claims 2 and 3)*

As his second and third claims, Petitioner asserts that his conviction was based on evidence obtained as a result of an unconstitutional search and seizure.  Petitioner contends, as he did on direct appeal, that both the search warrant and its execution were unlawful and that as a result, the evidence from the search of his property was inadmissible because it was obtained in violation of the Fourth Amendment.  See Dkt. # 1.  On direct appeal, the OCCA rejected these claims.  With respect to Petitioner's claim challenging the search warrant, the state appellate court cited Illinois

4

v. Gates, 462 U.S. 213 (1983), and Lynch v. State, 909 P.2d 800, 804-05 (Okla. Crim. App. 1995), and found that "the magistrate had a substantial basis for concluding probable cause existed based on the totality of the circumstances presented in the affidavit." (Dkt. # 4, Ex. D). As to Petitioner's claim challenging the execution of the search warrant, the OCCA relied on Pickens v. State, 19 P.3d 866, 877 (Okla. Crim. App. 2001), and found that Petitioner had waived the claim. (Dkt. # 4, Ex. D).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claims because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate his claims. In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. The Tenth Circuit has reiterated that a federal habeas corpus court need not address a Fourth Amendment question as long as the state court has given the petitioner a full and fair opportunity for a hearing on the issue. Miranda v. Cooper, 967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In this case, the record demonstrates that Petitioner was afforded multiple opportunities in the state courts to fully, fairly, and adequately litigate the admissibility of the evidence in question. At the preliminary hearing, Petitioner's attorney objected to the legality of the search. See Dkt. # 5, P. Hr'g Trans. at 6. The trial court took the objection under advisement until the conclusion of the hearing when the objection was overruled. Id. at 49-52. In addition, the trial court conducted a hearing, as required by Jackson v. Denno, 378 U.S. 368, 376-77 (1964), to determine the admissibility of Petitioner's statements to police officers. See Dkt. # 5, Trans. dated January 9, 2001.

At that hearing, the trial court considered Petitioner's argument that his statement to police was coerced and was therefore inadmissible. Petitioner's counsel also argued that the search warrant was invalid and that, as a result, the evidence obtained during the invalid search should be suppressed. Id. At the conclusion of the hearing and after hearing counsels' arguments, the trial court overruled Petitioner's motions to suppress, finding that Petitioner's statement to police was admissible, id. at 72, and that the search warrant was valid under the totality of the circumstances, id. at 78. Although Petitioner did not raise his Fourth Amendment challenge to the admission of the evidence based on the execution of the search warrant, he certainly was afforded the opportunity to raise the claim at the pretrial hearing held for the purpose of considering other Fourth Amendment issues. During the non-jury trial, Petitioner's counsel again objected numerous times to admission of evidence seized during the search as well as admission of Petitioner's statement, basing his objections on the same arguments asserted in the motions to suppress. See Dkt. # 5, Tr. Trans. at 21, 29, 87, 98, 121. However, the objections were overruled. Id. At the conclusion of the trial, the trial court judge found Petitioner guilty as charged. Id. at 135. Petitioner did not specifically object, either during pretrial proceedings or at trial, to the manner in which the search warrant was served as a basis for suppressing the evidence. However, as indicated above, Petitioner raised both of his instant Fourth Amendment claims on direct appeal (see Dkt. # 4, Ex. A), where the OCCA found that the claim related to the validity of the search warrant lacked merit and the claim related to service of the search warrant had been waived. See Dkt. # 4, Ex. D.

Based on the record cited above, the Court finds that Petitioner had a full and fair opportunity to litigate both of his Fourth Amendment claims in the state courts. Although Petitioner did not raise claim 3 in his trial court proceedings, habeas corpus review is nonetheless barred. Numerous courts

6

have held that habeas review is precluded if the state provides a suitable procedure for full and fair opportunity to litigate Fourth Amendment claims, regardless of whether the petitioner employs the procedure. See, e.g., Sanna v. Dipaolo, 265 F.3d 1, 8-9 (1st Cir. 2001) (citing Caver v. Alabama, 577 F.2d 1188, 1192 (5th Cir. 1978)); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (stating that "relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided"); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992) (reiterating that court should focus on procedural "opportunity" to raise claims, and holding petitioner's Fourth Amendment claim not cognizable because he failed to present it to state court despite adequate time to do so). Petitioner's claim 2 was fully and fairly litigated on the merits in the state courts. As a result, this Court is precluded from considering claims 2 and 3 as raised in Petitioner's petition for a writ of habeas corpus based on Stone v. Powell, 428 U.S. 465, 494 (1976); see also Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978) (opportunity for full and fair litigation in state court under *Stone v. Powell* includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards).

### 2. *Sufficiency of the evidence (claim 1)*

As his first proposition of error, Petitioner challenges the sufficiency of the evidence supporting his conviction of Manufacturing Methamphetamine. The OCCA adjudicated this claim as part of Petitioner's direct appeal. As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).   Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support the trier of fact's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Petitioner alleges in claim 1 that the State's evidence failed to prove beyond a reasonable doubt that he was guilty of manufacturing methamphetamine.  On direct appeal, Petitioner argued that   although   there   was   sufficient   evidence   to   establish   that   methamphetamine   was   being

8

manufactured in the attic of the house, there was insufficient evidence to establish who was doing it. (Dkt. # 4, Ex. A at 7). Petitioner also claimed on direct appeal that there was insufficient evidence corroborating the truthfulness of his confession. Id. at 11. The OCCA cited Short v. State, 980 P.2d 1081, 1096 (Okla. Crim. App. 1999), and Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), and found that "Appellant's confession was sufficiently corroborated by substantial independent evidence and that the evidence was sufficient to sustain Appellant's conviction." (Dkt. # 4, Ex. D).

After viewing the evidence presented at trial in the light most favorable to the prosecution, the Court finds that the trier of fact could reasonably have found proof of guilt beyond a reasonable doubt as to the crime of manufacturing methamphetamine.[1] Law enforcement officers who executed the search warrant at the property where Petitioner resided offered extensive testimony concerning evidence of an operational methamphetamine lab recovered at the residence. That evidence included multiple mason jars containing multi-layered liquids, coffee filters covered with chemical stains, tubing, Erlenmeyer flasks, funnels, red devil lye, bottles of "Heet," hydrogen chloride gas generators, muriatic acid, digital scales, acetone, baggies, and red phosphorus. See Dkt. # 5, Tr. Trans. dated January 11 and 12, 2001, at 32-46. Christopher Griffin, who was working as an undercover narcotics investigator when the search warrant was executed, testified that in his opinion, the items recovered at the residence were used for the continuing production of methamphetamine, id. at 49-50, and that multiple stages of manufacturing were present at the residence, id. at 52. Furthermore, John Paulson, a forensic scientist for the Tulsa Police Department Forensic Laboratory, testified that numerous

---

[1] Pursuant to Oklahoma law, no person may be convicted of manufacturing methamphetamine unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: First, knowing and intentional; Second, manufacturing; Third, methamphetamine. See Okla. Stat. tit. 63, § 2-401(F); OUJI-CR 6-3.

samples collected at the residence contained methamphetamine. See id. at 120. In addition, the trier of fact heard evidence that Petitioner told Officer Griffin that he helped cook the methamphetamine at the residence in exchange for being provided "free dope."[2] Id. at 30, 48-49. All of the cited evidence indicates Petitioner was manufacturing methamphetamine at the site and supports the OCCA's conclusion that the evidence was sufficient for a rational trier of fact to find that Petitioner was guilty beyond a reasonable doubt of Manufacturing Methamphetamine.

In summary, based on Oklahoma law and the cited testimony, the Court finds that the OCCA's rejection of this claim was not an unreasonable application of Jackson, as a rational trier of fact could have found proof of guilt beyond a reasonable doubt on the charge of Manufacturing Methamphetamine. Thus, Petitioner has failed to satisfy the § 2254(d) standard and his request for habeas corpus relief based on a challenge to the sufficiency of the evidence in claim 1 shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

---

[2] The Court agrees with the OCCA's finding that Petitioner's admission to Officer Griffin was sufficiently corroborated by substantial independent evidence and finds that the trial court's admission of Petitioner's statements was not contrary to , nor an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. This is a final Order terminating this action.

SO ORDERED THIS 23rd day of September 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma